IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF CONNECTICUT

| | |
|---|---|
| **JOUREY NEWELL**, individually and on behalf of all others similarly situated,<br><br>  *Plaintiff,*<br><br>v.<br><br>**FOLEY CARRIER SERVICES, LLC.**<br><br>  *Defendant.* | Case No. 3:25-cv-2043 |

**MEMORANDUM OF LAW IN SUPPORT OF DEFENDANT'S CONSENT MOTION TO VACATE DEFAULT AND EXTEND DEADLINE TO RESPOND TO THE COMPLAINT**

Defendant Foley Carrier Services, LLC ("Foley") submits this memorandum of law in support of its Consent Motion to vacate the default entered against it on January 12, 2026, ECF No. 12, and to extend its time to respond to the Complaint until 30 days after the Court's decision on this Motion. There is good cause to vacate the default and permit Foley to defend itself against Plaintiff Jourey Newell's claims. Indeed, there is well-settled judicial preference to resolve claims on the merits through the adversarial litigation process. *See, e.g., Cariati Devs., Inc. v. XPO Logistics Freight, Inc.,* No. 3:22-CV-383 (CSH), 2022 WL 22856840, at *6 (D. Conn. Aug. 15, 2022) (granting request to vacate default and acknowledging that Second Circuit has voiced a "strong preference for resolving disputes on the merits" and directed lower courts to any "doubt ... in favor of the defaulting party."); *Pugh v. Deustche Bank Nat'l Tr. Co.*, No. 14CV1620 (AWT), 2015 WL 13636077, at *1 (D. Conn. June 9, 2015).

Plaintiff consents to the relief sought in this Motion.

## PROCEDURAL HISTORY

Plaintiff filed her complaint on December 9, 2025 (ECF No. 1). Thereafter, on January 8, 2026, Plaintiff filed an Affidavit of Service, stating that he served Foley on December 10, 2025 (ECF No. 10). Also on January 8, 2026, Plaintiff filed a Request for Clerk's Entry of Default against Foley, ECF No. 11, which the Court granted on January 12, 2026, ECF No. 12. Foley, however, did not receive a copy of the Complaint or any notice that it had been filed until January 8, 2026, when Plaintiff's counsel emailed a copy of the Complaint to Foley. Brown Decl.[1] ¶ 3.

## ARGUMENT

Foley requests that the Court vacate the Clerk's Entry of Default under Rule 55(c) for good cause, and extend its deadline to respond to the Complaint until 30 days after the resolution of this

---

[1] "Brown Decl." refers to the Declaration of Brooks R. Brown filed concurrently with this Motion.

1

Motion. Fed. R. Civ. P. 55(c). Courts consider three factors in determining whether good cause exists to vacate a Clerk's Entry of Default: (1) the willfulness of the default; (2) the existence of any meritorious defenses; and (3) prejudice to the non-defaulting party. *See Enron Oil Corp. v. Diakuhara*, 10 F.3d 90, 96 (2d Cir. 1993). Here, each of these factors favors vacating the default.

*First*, Foley did not willfully default. Although the Affidavit of Service states that Foley was served on December 10, 2025, Foley itself did not receive a copy of the Complaint until January 8, 2026, when Plaintiff's counsel sent a letter and courtesy copy to Foley by email. Brooks Decl. ¶ 3. Once it learned of the Complaint, Foley promptly retained the undersigned counsel. *Id.* ¶ 4. And shortly thereafter, Foley's counsel contacted Plaintiff's counsel to advise of Foley's intention to defend against Plaintiff's claims, and meet and confer with respect to Plaintiff's consent to the relief requested in this Motion. *Id.* Accordingly, this factor favors vacatur of the default. *See Gross v. U.S. Dep't of Veterans Affs.*, No. CV 23-2418 (GRB)(AYS), 2023 WL 5152528, at *2 (E.D.N.Y. June 15, 2023) (vacating default where "the default was inadvertent, promptly corrected, and was not willful within the meaning of the relevant case law").

*Second*, Foley has meritorious defenses against both of Plaintiff's claims.[2]

Count I alleges that Foley sent Plaintiff unsolicited telemarketing text messages in violation of the TCPA's national do-not-call registry rule, 47 C.F.R. 64.1200(c)(2). Compl. ¶¶ 15-22, 48.

Here, however, Foley's initial investigation reveals that Plaintiff held out and used the subject telephone number as a business phone, foreclosing his claim for violation of the TCPA's national do-not-call registry rule. *Id.*; *see also Gillam v. Reliance First Cap., LLC,* No. 21-CV-4774 (JMA)(JMW), 2023 WL 2163775, at *4 (E.D.N.Y. Feb. 22, 2023) (granting motion to dismiss

---

[2] Foley remains in the process of investigating Plaintiff's claims, and reserves all rights to assert additional defenses in its response to the Complaint.

2

where plaintiff failed to articulate "any factual support for the 'residential telephone subscriber' element of his Section 227(c) claim").

In addition, the rule only extends to "telephone solicitation" calls, 47 C.F.R. § 64.1200(c) – *i.e.*, calls for the "purpose of encouraging the purchase or rental of, or investment in, property, goods or services," 47 U.S.C. § 227(a)(4). Here, however, the allegations in the Complaint fail to plausibly allege that the challenged calls were made for such purposes, and so fail to state a cognizable TCPA claim. *See Friedman v. Torchmark Corp.*, No. 12-CV-2837-IEG BGS, 2013 WL 4102201, at *6 (S.D. Cal. Aug. 13, 2013) (granting dismissal for failure to adequately allege calls were a telephone solicitation).

Additionally, while Plaintiff's claim in Count I is predicated upon text messages, Compl. ¶ 22, the TCPA do-not-call registry rule does not apply to text message only calls. *See Jones v. Blackstone Med. Servs., LLC*, 792 F. Supp. 3d 894, 902 (C.D. Ill. 2025); *Davis v. CVS Pharm., Inc.*, 797 F. Supp.3d 1270 (N.D. Fla. 2025).[3]

Further, even if a consumer has registered his telephone number on the DNC registry, the caller will not be liable if it first obtained "the subscriber's prior express invitation or permission" that is "evidenced by a signed, written agreement between the consumer and seller which states that the consumer agrees to be contacted by this seller and includes the telephone number to which the calls may be placed." 47 C.F.R. § 64.1200(c)(2)(ii). Foley's initial investigation indicates that it received consent from Plaintiff, which would provide a complete defense to Count I of the Complaint. *See Saunders v. NCO Fin. Sys., Inc.,* 910 F. Supp. 2d 464, 467 (E.D.N.Y. 2012)

---

[3] Foley acknowledges that there is also caselaw holding the opposite, but the neither the Second Circuit nor the Supreme Court has issued binding authority on the issue.

3

("authorities are almost unanimous that voluntarily furnishing a cellphone number to a vendor or other contractual counterparty constitutes express consent").

Moreover, Foley has robust TCPA compliance procedures, which would provide a complete defense under the TCPA's safe harbor provisions. 47 C.F.R. § 64.1200(c)(2)(i); *Johansen v. Efinancial LLC*, No. 2:20-CV-01351-DGE, 2022 WL 168170, at *3 (W.D. Wash. Jan. 18, 2022) (granting summary dismissal based on written consent and, in alternative, on TCPA safe harbor).

Count II alleges that Foley violated the TCPA regulation establishing caller identification ("caller ID") requirements, 47 C.F.R. § 64.1601(e)(1). Compl. ¶¶ 53-59. Section 64.1601(e), however, does not expressly provide a private right of action, and a private cause of action should not be implied because the caller ID requirements are not clearly promulgated under either subsection (b) or (c) of the TCPA. *See Griffin v. Am.-Amicable Life Ins. Co. of Texas,* No. 24-243, 2024 WL 4333373, at *5 (D. Or. Sept. 27, 2024); *Dobronski v. Selectquote Ins. Servs.,* 462 F. Supp.3d 784, 790 (E.D. Mich. 2020); *Meyer v. Capital All. Grp.,* Case No. 15-CV-2405-WVG, 2017 WL 5138316, at *17 (S.D. Cal. Nov. 6, 2017); *Worsham v. Travel Options, Inc.,* No. 14-2749, 2016 WL 4592373, at *4 (D. Md. Sept. 2, 2016), aff'd 678 F. App'x 165 (4th Cir. 2017). Accordingly, Foley has a complete defense that forecloses Plaintiff's claim under this section.

As Foley has asserted the possibility of meritorious defenses to Plaintiff's claims in this action, the second factor favors vacatur of the default. *See Coffey v. Switzoor,* No. CV 23-0682 (GRB)(AYS), 2023 WL 4824421, at *4 (E.D.N.Y. June 8, 2023) ('The defense need not be ultimately persuasive at this stage, it need only be enough to give the fact finder some determination to make.") (internal quotation marks omitted).

*Third*, Plaintiff would not be prejudiced by vacatur because this action was only commenced in December 2025. ECF No. 1. Foley also has expeditiously filed this motion to

4

vacate the default within four days of entry of the default. And Plaintiff has consented to the relief sought in this Motion. Brown Decl. ¶ 5. Therefore, the third factor also weighs in favor of vacating the Clerk's Entry of Default. *Coffey*, 2023 WL at *4; *Hughey v. Wagner,* No. 23-CV-6270DGL, 2024 WL 3950382, at *1 (W.D.N.Y. Aug. 27, 2024) ("no indication of prejudice to plaintiff from setting aside the default" where underlying incident occurred less than two years ago and defendant promptly sought vacatur of default).

Further, if the Court vacates the Clerk's Entry of Default, for the same reasons as set forth above, good cause also exists for this Court to extend Foley's time to respond to the Complaint until 30 days after the entry of the Court's order. *See e.g., Podlach v. Vill. of Southampton,* No. 14-CV-6954 (SJF) (SIL), 2016 WL 755632, at *2 (E.D.N.Y. Feb. 25, 2016) (examining "1) the danger of prejudice to the opposing party; 2) the length of the delay and its potential impact on the judicial proceedings; 3) the reason for the delay, including whether it is in the reasonable control of the movant; and 4) whether the movant has acted in good faith" and extending time under Rule 6(b)).

## **CONCLUSION**

For the foregoing reasons, Foley respectfully requests that the Court vacate the Clerk's Entry of Default and extend Foley's time to respond to the Complaint until 30 days after the entry of this Court's order of vacatur.

5

        Respectfully submitted,

        */s/ Jaime A. Santos*
        Jaime A. Santos (ct31237)
        GOODWIN PROCTER LLP
        1900 N Street, NW
        Washington, DC  20036
        Tel.: +1 202 346 4000
        Fax: +1 202 346 4444
        JSantos@goodwinlaw.com

        *Counsel for Foley Carrier Services, LLC*

Dated:  January 16, 2026

**CERTIFICATE OF SERVICE**

I hereby certify that on January 16, 2026, I caused a true and correct copy of the foregoing to be served by CM/ECF to the parties registered to the Court's CM/ECF system.

*/s/ Jaime A. Santos*
Jaime A. Santos
