**IN THE UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF CONNECTICUT**

| | |
|---|---|
| **JOUREY NEWELL,** individually and on behalf of all others similarly situated, | Case No. 3:25-cv-2043 |
| *Plaintiff*, | |
| *v.* | **CLASS ACTION** |
| | **JURY TRIAL DEMANDED** |
| **FOLEY CARRIER SERVICES, LLC.** | |
| *Defendant.* | |

<u>**PLAINTIFF'S NOTICE OF SUPPLEMENTAL AUTHORITY IN SUPPORT OF HIS RESPONSE IN OPPOSITION TO DEFENDANT'S MOTION TO DISMISS**</u>

Plaintiff Jourey Newell ("Plaintiff") submits this Notice of Supplemental Authority to advise the Court of several recent decisions relevant to the Court's consideration of Defendant's Motion to Dismiss the Complaint (ECF No. 22). Following Plaintiff's opposition on March 10, 2026, several courts, including Judge Russell of this very Court, have held that a text message call *is* a "telephone call" pursuant to Section 227(c)(5) of the TCPA.

First, in *Taha v. Momentive Software, Inc.*, 2026 U.S. Dist. LEXIS 54376 (C.D. Cal. Mar. 11, 2026), the Court held that *Howard's* holding (as cited in Plaintiff's Memorandum) applies to *both* section 227(b) and 227(c) of the TCPA and further that there was no basis to distinguish the meaning of "telephone call" differently than a "call" in holding that text messages are a type of "telephone call" that violate the TCPA. A copy of that decision is attached as <u>Exhibit 1</u>.

Second, in *Rabbitt v. Rohrman Midwest Motors, Inc.*, No. 25 C 11312, 2026 WL 851279, (N.D. Ill. Mar. 27, 2026), the Court also denied a motion to dismiss and held that text messages

qualify as "telephone calls" under 47 U.S.C. § 227(c)(5) by applying the language of 47 U.S.C. § 227(c)(1). A copy of that decision is attached as Exhibit 2.

Third, in *Wilson v. Easy Spirit, LLC*, No. 3:25-CV-112 (SFR), 2026 WL 884170 (D. Conn. Mar. 31, 2026), Judge Russell of this very Court held that text messages qualify as "telephone calls" because this includes attempts to communicate by telephone and that text messages fall within that definition. A copy of that decision is attached as Exhibit 3.

Fourth, in *Rubin v. Staples, Inc.*, No. 2:25-15515 (WJM), 2026 WL 881651 (D.N.J. Mar. 31, 2026), the Court both addressed the use of the term "residential" and rejected the reasoning that a text message call is not a "telephone call." A copy of that decision is attached as Exhibit 4.

Plaintiff respectfully requests that the Court consider these authorities in evaluating Defendant's Motion to Dismiss.

Dated: April 2, 2026

> */s/ Andrew Roman Perrong*
> Andrew Roman Perrong, Esq.
> D. Ct. # CT31815
> Perrong Law LLC
> 2657 Mount Carmel Avenue
> Glenside, Pennsylvania 19038
> Phone: 215-225-5529 (CALL-LAW)
> Facsimile: 888-329-0305
> a@perronglaw.com

## CERTIFICATE OF SERVICE

I certify that I filed the foregoing via ECF on the below date, which will automatically send a copy to all attorneys of record on the case.

April 2, 2026

> */s/ Andrew Roman Perrong*
> Andrew Roman Perrong, Esq.

2