**IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF CONNECTICUT**

| | |
|---|---|
| **JOUREY NEWELL,** individually and on behalf of all others similarly situated, | Case No. 25-cv-02043 |
| *Plaintiff,* | |
| *v.* | |
| **FOLEY CARRIER SERVICES, LLC,** | |
| *Defendant.* | |

**JOINT REPORT OF THE PARTIES' PLANNING MEETING**

**Date Complaint Filed**: December 9, 2025

**Date of Defendant's Appearance**: January 16, 2026

Pursuant to Fed. R. Civ. P. 16(b), 26(f) and D. Conn. L. Civ. R. 16, and the Court's Order of April 9, 2026 (ECF No. 27), Plaintiff Jourey Newell ("Plaintiff"), and Defendant Foley Carrier Services, LLC ("Defendant" or "Foley" and together with Plaintiff, the "Parties") hereby respectfully submit this Joint Report of the Parties' Planning Meeting.

Pursuant to Fed. R. Civ. P. 16(b), 26(f) and D. Conn. L. Civ. R. 16, a conference was held between counsel for the Parties by Zoom on April 17, 2026. The participants were:

Andrew Perrong for Plaintiff.

Brooks Brown and Jackie Odum for Defendant.

**I.      Certification**

Undersigned counsel for the Parties (after consultation with their clients) certify that (a) they have discussed the nature and basis of the Parties' claims and defenses and any possibilities for achieving a prompt settlement or other resolution of the case; and (b) they have

1

developed the following proposed case management plan. Counsel further certify that they have forwarded a copy of this Report to their clients.

## II.    Jurisdiction

### A.    Subject Matter Jurisdiction

The Plaintiff's Telephone Consumer Protection Act ("TCPA") claims invoke federal question subject matter jurisdiction. *See Mims v. Arrow Financial Services, LLC*, 132 S. Ct. 740 (2012). Subject matter jurisdiction is not contested.

### B.    Personal Jurisdiction

Personal jurisdiction is not contested.

## III.    Brief Description of the Case

### A.    Claims of Plaintiff (By Plaintiff)

This is a putative class action arising under the Telephone Consumer Protection Act ("TCPA"), 47 U.S.C. § 227, based on Defendant's alleged telemarketing practices.

Plaintiff alleges that Defendant initiated multiple unsolicited telemarketing text message calls to Plaintiff's residential cellular telephone number despite the number being listed on the National Do Not Call Registry for more than thirty-one days prior to the calls.

Plaintiff further alleges that he did not provide prior express consent to receive such communications. Plaintiff contends that the calls were part of a broader telemarketing campaign promoting Defendant's services, including regulatory compliance and safety-related services, and that such calls were made to numerous similarly situated individuals.

In addition, Plaintiff alleges that Defendant failed to transmit compliant caller identification information as required by the TCPA. Specifically, Plaintiff asserts that although caller name delivery functionality was available, the calls displayed only geographic or generic identifiers rather than the name of the Defendant or telemarketer, and that certain numbers used in

the campaign did not transmit caller IDs that permitted recipients to make do-not-call requests during regular business hours.

Plaintiff brings this action on behalf of himself and two proposed nationwide classes, including a National Do Not Call Class and a Telemarketing Caller ID Class, and seeks statutory damages, treble damages for willful violations and injunctive relief.

### B.      Defendant's Defenses and Claims (By Defendant)

Defendant has filed a Motion to Dismiss all of Plaintiff's claims pursuant to Fed. R. Civ. P. 12(b)(1) and 12(b)(6). ECF No. 22. That Motion is fully briefed and pending disposition by this Court. As set forth in detail in that Motion, Plaintiff's claims in Counts I and II fail to state a claim upon which relief can be granted, and Plaintiff also lacks Article III standing to pursue his claim in Count II. More specifically, Plaintiff's claims in Count I fail to state a claim upon which relief can be granted because, among other reasons, (a) the subject TCPA restrictions relating to marketing or solicitation calls to numbers registered on the federal do-not-call registry do not extend to cellphones (*i.e.*, the type of phone upon which Plaintiff alleges he received the challenged text messages) as a matter of law and, even if they did, Plaintiff has failed to demonstrate that his cellphone number is a "residential" (as opposed to a business number) phone properly registered; (b) the subject TCPA restrictions relating to marketing or solicitation calls to numbers registered on the federal do-not-call registry do not extend to text messages (*i.e.*, the only type of communication Defendant allegedly made to Plaintiff); and (c) the alleged text messages were not for marketing or solicitation purposes (but instead were for informational purposes) and so fall outside of TCPA restrictions on certain calls to numbers registered on the federal do-not-call registry. And, with respect to Plaintiff's claims in Count II concerning caller identification information, there is no private right of action for such claims, Plaintiff received the necessary

information, and Plaintiff sustained no cognizable injury from the alleged non-disclosure and so lacks Article III standing to assert the claim.

In the event this action proceeds beyond the motion-to-dismiss stage, Defendant reserves all rights to raise additional fact-based and legal defenses to Plaintiff's claims. And, Defendant also reserves all rights to oppose any class certification motion Plaintiff may file in this action and intends to demonstrate that Plaintiff cannot sustain his burden on demonstrating compliance with each of the Rule 23 requirements because, among other reasons, his claims depend upon individualized evidence about consent or permission for the challenged text messages and the type and use of telephone numbers purportedly used by putative class members.

## IV.    Statement of Undisputed Facts

Counsel certify that they have made a good faith attempt to determine whether there are any material facts that are not in dispute. The following material facts are undisputed:

- The Plaintiff has filed a lawsuit alleging violations of the TCPA.

- Defendant is located in this District.

- Plaintiff is an individual.

## V.    Case Management Plan

At the outset, and given Defendant's first appearance in this case on January 16, 2026, the Parties acknowledge that this Court's Order on Pretrial Deadlines (ECF No. 3) sets a discovery completion deadline of July 16, 2026 and summary judgment deadline of August 20, 2026. The Parties agree that, inasmuch as this is a putative, nationwide class action and Defendant's Motion to Dismiss remains to be resolved, it is appropriate to extend these initial case deadlines as set forth in their respective positions below.

### A.    Initial Disclosures

The Parties anticipate exchanging initial disclosures by April 24, 2026. Defendant's

willingness to do so is without prejudice to its position that discovery and other deadlines in this matter should be stayed pending resolution of its Motion to Dismiss (ECF No. 22–25). That resolution will determine the nature and scope of the Plaintiff's claims, if any, that remain for litigation in this matter. Thus, before the Parties devote time and resources to discovery, the practical and efficient course is for them to know whether this case will proceed beyond the motion-to-dismiss stage and, if so, with respect to which claims. Consistent with the directive of Rule 1 that the Federal Rules shall be construed and administered to promote the just, speedy and inexpensive determination of every action, this will avoid the Parties expending unnecessary resources on discovery on claims that may be dismissed. With this objective in mind, Defendant intends to file, on or before April 24, 2026, a motion to temporarily stay discovery and other case deadlines pending resolution of its Motion to Dismiss. Plaintiff intends to oppose such a motion.

**B.    Scheduling Conference**

Plaintiff prefers that a scheduling conference, if held, be conducted by telephone or Zoom, but will appear for a scheduling conference, if held, in-person or by telephone or Zoom at the Court's direction. Defendant will appear for a scheduling conference, if held, in-person or by telephone or Zoom at the Court's direction.

**C.    Early Settlement Conference**

1.    The Parties certify that they have considered the potential benefits of attempting to settle the case before undertaking significant discovery or motion practice. The Plaintiff believes that some discovery is required to evaluate the likely outcome of the claim and explore the affirmative defenses lodged, including any purported consent that existed to make the calls at issue, in anticipation of a potential class wide resolution. For its part, Defendant is open to exploring an individual settlement with Plaintiff, but understands that Plaintiff is not open to such a settlement

at this time and instead prefers a class settlement. Given the merits of its Motion to Dismiss arguments and, even assuming this matter proceeds beyond the motion-to-dismiss stage, Plaintiff faces substantial obstacles to class treatment in this lawsuit, and Defendant does not believe it is productive to engage in discussions about a putative class settlement at this time.

2.      The Parties do not request an early settlement conference.

3.      The Parties are in agreement to proceed with private mediation at the appropriate time.

4.      The Parties do not request a referral for alternative dispute resolution pursuant to D. Conn. L. Civ. R. 16 and 28 U.S.C. § 651.

**D.      Joinder of Parties, Amendment of Pleadings, and Motions Addressed to the Pleadings**

1.      As noted, Defendant's Motion to Dismiss Plaintiff's claims pursuant to Fed. R. Civ. P. 12(b)(1) and (b)(6) is pending before the Court. In connection with that Motion, the Parties discussed the perceived defects in the Complaint, and Plaintiff elected not to amend the Complaint to cure any such defects, although Plaintiff has requested such relief in his opposition should the Court find his pleading deficient. Further, with respect to agreements between the Parties for resolution of any issues related to the sufficiency of the pleadings, there are none.

2.      **Plaintiff's Position:** In terms of deadlines for the joinder of Parties and amendment of pleadings, Plaintiff submits that the Parties should be allowed until **July 31, 2026** to file motions to join additional parties and until **July 31, 2026** to file motions to amend the pleadings. Motions filed after the imposed deadline will require, in addition to any other requirements under the applicable rules, a showing of good cause for the delay. These dates may need to be changed depending on the outcome of the Defendant's motion practice and motion to stay discovery,

6

particularly insofar as it is the Plaintiff's position that some discovery will be necessary for the Plaintiff to ascertain whether amendment is appropriate.

3.      **Defendant's Position:** Given the pending Motion to Dismiss and its potential impacts on the nature and scope of this case, Defendant submits that, in the event this matter proceeds beyond the motion-to-dismiss stage, the deadline for the Parties to file motions to join additional parties or amend pleadings should be set for a date thirty (30) days after the deadline for Defendant's answer to Plaintiff's then-operative complaint.

**E.      Discovery**

Recognizing that the precise contours of the case, including the amount of damages at issue, if any, may not be clear at this point in the case, in making the proposals below concerning discovery, the Parties have considered the scope of discovery permitted under Fed. R. Civ. P. 26(b)(1). The Parties have not agreed to a case management schedule and instead offer the following respective proposals:

1.      **Plaintiff's Scheduling Proposal:**

a..      All discovery, including depositions of expert witnesses pursuant to Fed. R. Civ. P. 26(b)(4), completed (not propounded) by: **January 19, 2027.**

b.      Plaintiff anticipates that the Parties will require a total of 5-6 depositions of fact witnesses, including a single corporate representative if necessary. The depositions will be completed by: **December 7, 2026**

c.      Plaintiff does not anticipate requesting permission to serve more than 25 interrogatories.

d.      Plaintiff anticipates calling expert witness(es).

e.      The Parties designate all trial experts and provide opposing counsel with

reports from retained experts pursuant to Fed. R. Civ. P. 26(a)(2) on any issues on which they bear the burden of proof by: **October 15, 2026**. Depositions of any such experts will be completed by **November 17, 2026.**

f.      A damages analysis will be provided by any party who has a claim or counterclaim for damages by **January 19, 2027.**

With respect to Defendant's scheduling proposal, Plaintiff contends that, should Defendant seek to bifurcate or stay discovery, it should file an appropriate motion, to be briefed in the appropriate course.

2.      **Defendant's Scheduling Proposal:**

Consistent with its forthcoming motion to stay, Defendant's position is that, in the interests of judicial economy and efficiency, (a) discovery should be deferred pending the resolution of its Motion to Dismiss, and (b) in the event this matter proceeds beyond the motion-to-dismiss stage, discovery should be phased, with an initial phase focused on Plaintiff's individual claims and the class action requirements of Rule 23 ("Phase I Discovery") and discovery concerning the individual merits of putative class member claims deferred pending the resolution of any class certification motion Plaintiff may file. This will avoid the substantial burden and expense of engaging in putative class wide discovery until it is known whether this case will proceed as an individual or class action and, in the process, save this Court's and the Parties' resources.

With this in mind, Defendant proposes the following schedule:

| Event | Deadline |
|---|---|
| Start Phase I Discovery | Same day as the deadline for Defendant's answer to Plaintiff's complaint, if this matter proceeds beyond the motion-to-dismiss stage |
| Plaintiff's Expert Reports and Disclosures, if any, on Class Certification Issues | 120 days after the Start of Phase I Discovery |

8

| Defendant's Expert Reports and Disclosures, if any, on Class Certification Issues | 150 days after the Start of Phase I Discovery |
|---|---|
| Close of Phase I Discovery | 180 days after the Start of Phase I Discovery |
| Plaintiff's Motion for Class Certification, including all arguments and evidence in support | 210 days after the Start of Phase I Discovery |
| Defendant's Opposition to Class Certification, including all arguments and evidence in support | 240 days after the Start of Phase I Discovery |
| Plaintiff's Class Certification Reply, responding to opposition arguments and evidence proffered by Defendant | 255 days after the Start of Phase I Discovery |
| Status Conference with the Court to address the nature and scope of Phase II discovery and other litigation proceedings. | TBD following the Court's ruling on Plaintiff's Motion for Class Certification |

During Phase I Discovery, Defendant also anticipates completing written discovery of Plaintiff, deposing Plaintiff, conducting third-party discovery (including depositions) concerning Plaintiff and his business(es), discovery and depositions of any expert identified by Plaintiff, and discovery and depositions concerning any witnesses Plaintiff may identify or that Defendant may identify.

3. The Parties anticipate that discovery may be needed on the following subjects:

**Plaintiff's Position:** Plaintiff proposes that the parties will engage in discovery on the calls at issue, including class calling records, registration and Caller ID information, Defendant's business and operations, including internal Do Not Call policies, procedures, and compliance with the TCPA, information related to any potential third parties that may have been involved in the calls at issue, and other elements of the Rule 23 analysis, with a particular emphasis on obtaining the classwide call records early in the discovery period, so that the data can be analyzed by Plaintiff's expert and used both for class certification and potential settlement

9

discussions. Plaintiff will also take discovery into any defenses or affirmative defenses (if any) raised by the Defendant. It is Plaintiff's position that any request to bifurcate or limit discovery should be brought in the form of an appropriate motion with an opportunity for briefing, not in the context of this Report.

**Defendant's Position**: During Phase I Discovery, Defendant anticipates that discovery will be needed on the following subjects: (1) information concerning all phone numbers registered to Plaintiff and/or his business(es); (2) Plaintiffs' business(es) and operations; (3) information concerning all phone numbers that Plaintiff and/or his business(es) registered with the Department of Transportation; (4) any and all registrations Plaintiff and/or his business(es) have made with the Department of Transportation; (5) any and all registrations Plaintiff and/or his businesses have made to the national do-not-call registry; (6) information concerning any attempts made by Plaintiff to contact Defendant; (7) prior TCPA lawsuits brought by Plaintiff; (8) Plaintiff's efforts to mitigate any alleged damages; (9) any alleged damages to Plaintiff (10) any individualized circumstances relating to Plaintiff's prior express consent to be receive communications from Defendant; (11) Plaintiff's adequacy to serve as class representative; and (12) any further issues relevant to Plaintiff's claims or Defendant's defenses.

4.      All discovery, including depositions of expert witnesses pursuant to Fed. R. Civ. P. 26(b)(4), will commence and be completed pursuant to the Court-ordered schedule. The Parties' respective proposals are set forth above in Paragraphs (E)(1) & (2) above.

5.      The Parties' positions on whether discovery will be conducted in phases are as follows:

**Plaintiff's Position**: Plaintiff opposes any attempt at phased or bifurcated discovery. Plaintiff will make a more fulsome and detailed when and if Defendant files an appropriate motion.

Plaintiff contends that the Defendant's proposed bifurcation is unwarranted, inefficient, and will entail significant overlap, including needless discovery disputes as to what constitutes "class" or "merits" discovery.

**Defendant's Position**:  As set forth in its position above, Defendant proposes that discovery be conducted in two phases: the first phase shall be limited to the merits of Plaintiff's individual claims and the Fed. R. Civ. P. 23 requirements for class certification; and second, beginning after the Court's ruling on Plaintiff's forthcoming motion for class certification for discovery related to the merits of the class claims. This initial focus will allow the Court to decide whether to certify a class at the earliest practical time consistent with Fed. R. Civ. P. 23(c)(1)(A) and will avoid burdening the Court and the Parties with discovery that may prove unnecessary if the Court limits the claims, does not certify a class, or the Court certifies a class that is narrower than those Plaintiff proposes. The Court's determination of whether Rule 23's requirements are satisfied will determine the nature and scope of the remaining proceedings, if any. To the extent necessary, discovery that follows the class certification decision can address any merits, expert, and damages issues that remain. Conducting discovery in phases will serve the interests of judicial economy and fulfill the requirement that the scope of discovery be proportionate to the needs of the case at the time discovery is served. *See* Manual for Complex Litigation § 21.14 (4th ed.) ("Courts often bifurcate discovery between certification issues and those related to the merits of the allegations."). Conducting discovery in this way will not limit Plaintiff's ability to seek any and all discovery necessary from Defendant to meet his burden on class certification or to prove his individual claims under the Federal and Local Rules. For these same reasons, Defendant maintains that no additional briefing is necessary for the Court to enter the proposed phased discovery schedule.

6.      The following sets forth the Parties' positions regarding each phase of discovery and the date by which each phase will be completed.

**Plaintiff's Position**: Plaintiff opposes any bifurcation and maintains the Court should enter his proposed schedule.

**Defendant's Position**: Defendant's proposed schedule is set forth in Paragraph (E)(2) above.

7.      At this juncture, it is difficult to estimate the number of fact depositions that the Parties will require. Thus, each party presently reserves the right to take up to 10 depositions of fact witnesses. Depositions of fact witnesses must be completed during the period for fact discovery. Expert depositions will be completed according to the Court-approved schedule.

8.      The Parties presently do not request permission to serve more than 25 interrogatories.

9.      Plaintiff intends to call expert witnesses at trial. Defendant intends to call expert witnesses at trial. Each party's proposed schedule for disclosing experts and exchanging expert reports is listed in Paragraphs (E)(1) & (2) above.

10.      The Parties will designate all trial experts and provide opposing counsel with reports from retained experts pursuant to Fed. R. Civ. P. 26(a)(2) on any issues on which they bear the burden of proof by a date set by the Court. Depositions of any such experts will be completed by a date set by the Court.

11.      The Parties will designate all trial experts and provide opposing counsel with reports from retained experts pursuant to Fed. R. Civ. P. 26(a)(2) on any issues on which they do not bear the burden of proof by a date set by the Court. Depositions of any such experts will be completed by a date set by the Court.

12

12.    A damages analysis will be provided by any party who has a claim or counterclaim for damages by a date set by the Court after the Court's ruling on Plaintiff's motion for class certification.

13.    Undersigned counsel have consulted with their respective clients concerning computer-based and other electronic information management systems, including historical, archival, back-up and legacy files, in order to understand how information is stored and how it may be retrieved, including, but not limited to, considering the form in which such data shall be produced, search terms and/or other techniques to be used in connection with the retrieval and production of such information, the location and format of electronically stored information, appropriate steps to preserve electronically stored information, and the allocation of costs of assembling and producing such information. The Parties agree to preserve electronic and other discoverable materials, including ESI, until the resolution of this action and to the extent required by law. *See* Fed. R. Civ. P. 26(a)(1)(A)(ii). In the event that an ESI protocol is necessary, the Parties will exchange and agree to an ESI protocol concerning the search and production of ESI during discovery.

14.    The Parties have also considered the location, volume, organization, and costs of retrieval of information stored in paper and other non-electronic forms. The Parties agree to preserve all such materials to the extent required by law. The Parties will also submit a stipulated protective order for the Court's approval to govern the production of confidential information.

15.    Undersigned counsel have discussed discovery procedures that minimize the risk of waiver of privilege or work-product protection, including procedures for asserting privilege claims after production. The Parties agree to the following procedures for asserting claims of privilege after production:

The responding party to discovery shall provide a privilege log for all materials for which privilege is claimed in accordance with the Federal Rules and Local Rules. No party will be required to put on the privilege log documents that chronicle communications between the Parties and their respective counsel made in relation to or in anticipation of this litigation if such documents were generated after the initiation of this action, unless they are independently relevant. Inadvertent production of privileged material shall not be deemed a waiver of privilege and if it is discovered that a party has produced privileged material, the receiving party shall promptly return the same, as contemplated by Rule 503.

**F.    Other Scheduling Issues**

Plaintiff proposes to file a motion for class certification by **January 26, 2027.** Defendant proposes that Plaintiff file his motion for class certification, including all arguments and evidence in support, in accordance with its proposal set forth above in Paragraph (E)(2) (*i.e.*, 210 days after the Start of Phase I Discovery). The Parties have agreed to the electronic service of discovery documents and materials (without prejudice to their respective positions on discovery itself), as outlined above.

**G.    Summary Judgment Motions**

**Parties' Position**: Plaintiff does not intend to file a summary judgment motion at this time, but reserves the right to do so if warranted. If this matter proceeds beyond the motion-to-dismiss stage, Defendant anticipates that it may file a motion for summary judgment directed to Plaintiff's individual claims or, in the event of class certification, directed to the claims of some or all putative class members.  Plaintiff intends, however, to file a motion for class certification.

## H.    Joint Trial Memorandum

The Parties propose the Court set a deadline for Trial Memoranda following resolution of

Plaintiff's Motion for Class Certification.

## VI.    Trial Readiness

The Parties propose the Court set a trial date following resolution of Plaintiff's Motion for

Class Certification.

As officers of the Court, undersigned counsel agree to cooperate with each other and the

Court to promote the just, speedy and inexpensive determination of this action.

PLAINTIFF                                                    DEFENDANT

By:
/s/_____                          /s/_____
Andrew R. Perrong (CT31815)          Brooks R. Brown (*phv209167*)
Perrong Law LLC                               GOODWIN PROCTER LLP
2657 Mount Carmel Avenue             100 Northern Ave
Glenside, PA 19038                           Boston, MA 02210
Tel 215-225-5529 (CALL-LAW)       Tel.: +1 617 570 1000
Fax 888-329-0305                             Fax: +1 202 204 7216
a@perronglaw.com                           BBrown@goodwinlaw.com

Jaime A. Santos (ct31237)
Jacqueline Odum (*phv209169*)
GOODWIN PROCTER LLP
1900 N Street, NW
Washington, DC  20036
Tel.: +1 202 346 4000
Fax: +1 213 260 8106
JSantos@goodwinlaw.com
JOdum@goodwinlaw.com

*Counsel for Foley Carrier Services, LLC*

15