# IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF CONNECTICUT

**JOUREY NEWELL**, individually and on behalf of all others similarly situated,

*Plaintiff,*

*v.*

**FOLEY CARRIER SERVICES, LLC**,

*Defendant.*

Case No. 3:25-cv-2043-KAD-RMS

April 23, 2026

## DEFENDANT FOLEY CARRIER SERVICES, LLC'S MOTION FOR TEMPORARY STAY PENDING RESOLUTION OF MOTION TO DISMISS

Pursuant to Federal Rule of Civil Procedure 26(c) and the Local Rules of this Court, Defendant Foley Carrier Services, LLC ("Foley") respectfully requests that this Court temporarily stay discovery and the current case deadlines in this matter pending resolution of its Motion to Dismiss Plaintiff's Class Action Complaint (ECF No. 22). Consistent with Rule 1's directive that the Federal Rules of Civil Procedure should be construed and administered to promote the "just, speedy, and inexpensive determination" of every action, there is good cause for the requested temporary stay because it will avoid the expenditure of unnecessary time and resources by this Court and the parties on discovery and other litigation matters until (a) it is known whether this case will proceed beyond the motion to dismiss stage, and (b) if so, the nature and scope of the claims (if any) that may proceed and as to which discovery may be relevant.

As additional grounds for this Motion, Foley states as follows:

### BACKGROUND

1.    On December 9, 2025, Plaintiff Jourey Newell filed the Complaint, which asserts two claims against Foley for alleged violations of the Telephone Consumer Protection Act

("TCPA"). *See* Compl., ECF No. 1 at ¶¶ 47–59. Plaintiff purports to bring these claims on behalf of two different putative nationwide classes. *Id.* ¶¶ 39–46.

2. That same day, this Court issued its Order on Pretrial Deadlines, which provides that "discovery shall be completed within 6 months after the latest of the following: the filing of the complaint, the filing of a petition for removal, the transfer of an action from another District, or the appearance of the last defendant." ECF No. 3. The Order also provides that formal discovery may not commence until the parties have had a conference pursuant to Federal Rule of Civil Procedure 26(f) and Local Civil Rule 16.

3. Counsel for Foley appeared in this case on January 16, 2026, triggering a discovery completion deadline of July 16, 2026.

4. On February 17, 2026, Foley filed its Motion to Dismiss the Complaint in its entirety. ECF No. 22. Briefing on that Motion was completed on March 24, 2026, and is pending resolution by this Court. *See* ECF Nos. 22–25.

5. On April 9, 2026, the Court ordered the parties to file their Rule 26(f) report by April 20, 2026. ECF No. 7. The parties ultimately conferred on April 17, 2026.

6. In advance of filing that Report, the parties conferred by Zoom on April 17, 2026. *See* Affidavit of Brooks R. Brown at ¶3. Thereafter, as directed by the Court, the Parties filed their Rule 26(f) Report on April 20, 2026. ECF Nos. 30–31.

7. During the April 17, 2026 conferral, and as reflected in the Rule 26(f) Report, Plaintiff's counsel confirmed their intention to seek classwide discovery at this time. *See id.* Plaintiff's counsel also confirmed their intention to engage in expert discovery. *See id.*

**ARGUMENT**

8.      Rule 26(c) provides, in relevant part, that "[t]he court may, for good cause, issue an order to protect a party or person from annoyance, embarrassment, oppression, or undue burden or expense, including . . . forbidding the disclosure or discovery[.]" Fed. R. Civ. P. 26(c)(1)(A). "[A] request for a stay of discovery, pursuant to Rule 26(c) is committed to the sound discretion of the court based on a showing of good cause." *Stanley Works Israel Ltd. v. 500 Grp., Inc.*, No. 3:17-cv-01765 (CSH), 2018 WL 1960112, at *2 (D. Conn. Apr. 26, 2018) (quoting *ITT Corp. v. Travelers Cas. & Sur. Co.*, No. 3:12-cv-0038 (RNC), 2012 WL 294437, at *2 (D. Conn. July 18, 2012)). "Where a party seeks a stay of discovery pending resolution of a dispositive motion, the Court considers (1) the strength of the dispositive motion; (2) the breadth of the discovery sought; and (3) the prejudice a stay would have on the non-moving party." *Id.* (internal quotations omitted). In assessing the second factor, the Court may consider the burden of responding to discovery. *See, e.g., Country Club of Fairfield, Inc. v. New Hampshire Ins. Co.*, No. 3:13-cv-00509 (VLB), 2014 WL 3895923, at *3 (D. Conn. Aug. 8, 2014).

9.      Each of the three *Stanley Works* factors favors a temporary stay of discovery and the existing case deadlines in this case at this time.

10.     <u>First</u>, as set forth in its Motion to Dismiss, Foley has strong arguments favoring dismissal of both of Plaintiff's claims. ECF. No. 22. Count I alleges that Foley sent Plaintiff unsolicited telemarketing text messages in violation of the TCPA's national do-not-call registry rule, 47 C.F.R. 64.1200(c)(2) ("DNC Provision"), and fails for several reasons, including that: (i) text messages to cell phone numbers fall outside the protection of the DNC Provision because they are not made to a "residential" telephone number; (ii) the challenged text messages are not "calls" within the scope of the restrictions in the DNC Provision; (iii) Plaintiff fails to plead the requisite

plausible factual allegations that the challenged text messages were made for solicitation or marketing purposes; and (iv) Plaintiff fails to sufficiently plead that his purported cell phone was "residential." *See id.* at pp. 1–15; ECF No. 25 at pp. 1–8.

11.     Similarly, Count II, which alleges that the challenged text messages did not contain the caller identification ("Caller ID") information purportedly required under 47 C.F.R. § 64.1601(e), likewise fails because no private right of action even exists for violations of the regulations requiring the transmission of Caller ID information, and because Plaintiff fails to allege any concrete injury fairly traceable to the alleged violation, as necessary establish Article III standing to sue. *See* ECF No. 22 at pp. 15–17; ECF No. 25 at pp. 8–10.

12.     Several of these grounds for dismissal – including the inapplicability of the DNC Provision to cell phones and text messages and the absence of any private right of action for violating Caller ID regulations – would dispose of this case entirely and therefore obviate the need for any discovery. *See ITT Corp.*, 2012 WL 2944357, at *4 (granting stay because "defendant's motion is potentially dispositive and appears to have substantial grounds").

13.     The first factor also weighs in favor of a stay because Foley's Motion to Dismiss "raise[s] substantial issues based on statutes, caselaw, and the facts of the case," particularly given *Loper Bright*'s directive that district courts conduct independent statutory analysis. *Cuartero v. United States*, No. 3:05-cv-1161 (RNC), 2006 WL 3190521, at *2 (D. Conn. Nov. 1, 2006) (granting stay); *see also Kalra v. Adler Pollock & Sheehan, P.C.*, No. 3:20-cv-01393 (KAD), 2021 WL 6498259, at *5 (D. Conn. Mar. 16, 2021) (granting stay where defendant showed "strong argument" that plaintiff's claims should be dismissed).

14.     <u>Second</u>, Plaintiff intends to seek fact discovery on two putative, nationwide classes and expert discovery without deference to this Court's forthcoming decision on Foley's Motion to

Dismiss. Allowing such discovery to proceed would "create an unnecessary burden should Defendant's motion to dismiss be resolved in its favor." *Sharma v. Open Door NY Home Care Servs., Inc.*, 345 F.R.D. 565, 569 (E.D.N.Y. 2024) (ordering stay of discovery); *DePaul v. Kimberly-Clark Corp.*, No. 3:24-CV-271 (KAD), 2025 WL 2256307 at * (D. Conn. Aug. 7, 2025) (granting stay because "class certification discovery—particularly involving the use of experts . . . —is likely to be both significant and time-consuming); *see also ITT Corp.*, 2012 WL 2944357, at *4 (granting stay of discovery where proposed discovery would be "time-consuming, burdensome, and expensive."). The second *Stanley Works* factor thus favors a stay until the Motion is resolved.

15.    Third, Plaintiff will not be prejudiced by a temporary stay of discovery pending the Court's decision on Foley's Motion to Dismiss. *Cuartero*, 2006 WL 3190521, at *3 ("the prejudice to plaintiff from a stay of discovery will be minimal, as discovery will only be stayed until a decision is reached on the Motion to Dismiss"); *Dome Tech., LLC v. Golden Sands Gen. Contractors, Inc.*, No. 3:16-cv-01607-VAB, 2017 WL 11577923, at *2 (D. Conn. July 24, 2017) (granting stay pending resolution of motion to dismiss). Plaintiff's delay in initiating and scheduling the April 17, 2026 conference undermines any argument to the contrary. *Cf. Kalra* 2021 WL 6498259, at *5 (granting stay of discovery and reasoning that "any additional delay would likely not prejudice [plaintiff]" where plaintiff waited years to bring claim that could have been brought in previous lawsuit against defendant).

For all these reasons, Defendant respectfully submits that there is good cause of the requested temporary stay and requests that the Court temporarily stay discovery while the Court considers Defendant's Motion to Dismiss, and any subsequent motions that may be directed at any future amended complaints as this Court may permit.

Dated:  April 23, 2026

Respectfully submitted,

*/s/ Brooks R. Brown*
Brooks R. Brown (*phv209167*)
GOODWIN PROCTER LLP
100 Northern Ave
Boston, MA 02210
Tel.: +1 617 570 1000
BBrown@goodwinlaw.com

Jaime A. Santos (ct31237)
Jacqueline Odum (*phv209169*)
GOODWIN PROCTER LLP
1900 N Street, NW
Washington, DC  20036
Tel.: +1 202 346 4000
JSantos@goodwinlaw.com
JOdum@goodwinlaw.com

*Counsel for Foley Carrier Services, LLC*

6

## **CERTIFICATE OF SERVICE**

I hereby certify that on April 23, 2026, I caused a true and correct copy of the foregoing to be served by CM/ECF to the parties registered to the Court's CM/ECF system.

*/s/ Brooks R. Brown*
Brooks R. Brown
